ACCEPTED
15-24-00034-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
12/22/2025 5:20 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00034-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
12/22/2025 5:20:06 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE FIFTEENTH DISTRICT AT AUSTIN, TEXAS

## EXXON MOBIL GLOBAL SERVICES,

*Appellant*,

**v.**

## STATE OFFICE OF ADMINISTRATIVE HEARINGS, AND KENESHIA WASHINGTON IN HER OFFICIAL CAPACITY AS ADMINISTRATIVE LAW JUDGE,

*Appellees*.

On Appeal from the
419th Judicial District Court of Travis County, Texas
Cause No. D-1-GN-23-001403

## APPELLANT'S MOTION FOR REHEARING

John Brusniak
State Bar No. 03261500
John@TexasPropertyTaxAttorneys.com

Brusniak Turner PC
P.O. Box 703238
Dallas, Texas 75370
Tel.: (214) 506-1073
Fax: (214) 593-5234

**Attorney For Appellant,**
*Exxon Mobil Global Services*

# TABLE OF CONTENTS

APPELLANT'S MOTION FOR REHEARING ...................................................... ii

INTRODUCTION ........................................................................................ ii

ARGUMENT .............................................................................................. 1

    I.    The Statute Creates a Jurisdictional Predicate That Must Be Resolved............................................................................................... 1

    II.    Texas Law Requires Courts to Resolve Disputed Jurisdictional Facts ................................................................................................... 2

    III.    Section 41.41 Does Not Supply an Alternative Decisionmaker, and Administrative Audit Labels Cannot Substitute for a Jurisdictional Determination............................................................. 3

    IV.    Rehearing Is Required to Complete the Statutory Analysis................. 6

CONCLUSION AND PRAYER ..................................................................... 7

CERTIFICATE OF COMPLIANCE ............................................................... 10

CERTIFICATE OF SERVICE........................................................................ 10

**APPELLANT'S MOTION FOR REHEARING**

TO THE HONORABLE COURT OF APPEALS:

Appellant Exxon Mobil Global Services ("EMGS") respectfully moves for rehearing of this Court's opinion issued December 5, 2025. Rehearing is warranted because the Court's analysis stops short of resolving the jurisdiction-defining issue presented. When a disputed and dispositive jurisdictional fact determines a tribunal's authority to act, the opinion addresses administrative limits but does not identify any tribunal responsible for deciding that fact. This omission leaves a critical procedural void and frustrates the legislative design of Texas Government Code § 2003.904.

**INTRODUCTION**

The Court's opinion rests on the conclusion that the determination of whether property is "industrial" lies outside SOAH's limited jurisdiction. Proceeding from that premise, the district court dismissed the case, and this Court affirmed, without any tribunal resolving the disputed factual question on which jurisdiction turns.

That unresolved question matters. Government Code § 2003.904 excludes only "industrial property" from SOAH's valuation appeal jurisdiction. The statute does not exclude property an appraisal district merely labels industrial, and it does not authorize administrative classifications to operate as unreviewable jurisdictional bars. Yet under the Court's construction, access to the Legislature's SOAH remedy depends on a factual predicate that no court or tribunal is empowered to decide.

Rehearing is warranted to complete the statutory analysis. When administrative authority is found to be limited, Texas law requires courts to determine how the jurisdictional predicate is to be resolved—not to leave it undecided. As explained below, that analysis leads either to a remand for the district court to resolve the disputed jurisdictional fact, or, given the uncontroverted record, to resolution of that fact as a matter of law. Only then can the statute operate as the Legislature designed.

**ARGUMENT**

## I. The Statute Creates a Jurisdictional Predicate That Must Be Resolved

Texas Government Code § 2003.904 grants SOAH jurisdiction over valuation appeals for property "other than industrial property." The exclusion turns on a factual determination—whether the property is "industrial." That determination is the jurisdictional predicate for the Legislature's chosen appeal remedy.

The Court held that SOAH may not decide whether property is used in an industrial capacity because that determination lies outside SOAH's limited jurisdiction, which the Legislature confined to valuation and unequal-appraisal disputes. The district court reached the same conclusion but likewise did not resolve the disputed jurisdictional predicate itself, despite being a court of general jurisdiction. This Court's opinion stops at the same point.

As a result, the jurisdictional predicate on which authority turns remains unresolved. By its terms, the statutory exclusion applies only to "industrial property," not to property an appraisal district merely labels industrial without adjudication. Under the Court's construction, no forum is empowered to determine whether the statutory exclusion actually applies. The result is a procedural void: access to a legislatively created remedy depends on a factual condition that no tribunal is authorized to resolve.

That result is incompatible with settled principles of adjudication. As the United States Supreme Court explained in *Crowell v. Benson*, jurisdictional facts are those "whose existence is a condition precedent to the operation of the statutory scheme." 285 U.S. 22, 54–55 (1932). Whether this property is "industrial" is such a jurisdictional predicate. It is not a question about valuation or tax owed. It is the factual condition on which the Legislature conditioned access to the SOAH appeal remedy. When such a jurisdictional predicate is genuinely disputed, it must be resolved by a court authorized to determine jurisdiction.

## II. Texas Law Requires Courts to Resolve Disputed Jurisdictional Facts

Whether property is "industrial" for purposes of § 2003.904 is not a merits determination; it is a jurisdictional fact that determines whether the Legislature's chosen forum is available at all. When a plea to the jurisdiction implicates disputed jurisdictional facts, Texas law requires the trial court to consider the evidence and resolve the issue. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227–28 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). Texas law supplies the missing step when an administrative tribunal cannot decide a threshold question that determines whether a statutory remedy is available.

Here, EMGS pleaded that the property was not industrial and supported that pleading with sworn affidavit evidence. The appraisal district offered no contrary evidence. The district court did not evaluate this evidence. It dismissed the case

2

based solely on SOAH's inability to decide the classification issue. This Court affirmed that approach. In doing so, both courts omitted the mandatory second step of the jurisdictional analysis: resolving the disputed jurisdictional predicate upon which authority depends.

Even if SOAH lacks authority to decide the classification question, that limitation does not relieve the district court of its duty to decide the jurisdictional predicate itself. The question—whether the property is industrial under § 2003.904—is purely jurisdictional. Its resolution does not expand SOAH's authority; it determines whether the Legislature's grant of jurisdiction applies. A court of general jurisdiction must resolve that question before dismissing the case.

## III. Section 41.41 Does Not Supply an Alternative Decisionmaker, and Administrative Audit Labels Cannot Substitute for a Jurisdictional Determination

The opinion suggests that EMGS could have protested the "industrial" classification under Tex. Tax Code § 41.41(a)(10) or appealed directly to district court. Respectfully, those alternatives do not resolve the procedural problem presented here. They rest on a misunderstanding of both the role § 41.41(a)(10) plays in the Tax Code and the nature of the "industrial" classification at issue.

Section 41.41(a) enumerates merits-based grounds of protest—grounds that apply to and adversely affect the property owner by altering valuation, appraisal

3

methodology, or tax liability. Subsection (a)(10) fits within that framework. By its terms, it applies only to an action that "applies to and adversely affects the property owner." A value-neutral internal classification that does not affect appraisal methodology or tax owed does not fall within that category.

The "industrial" designation here is an internal audit code used for Comptroller reviews of appraisal district operations and school-finance compliance. Those audits assess whether appraisal districts, in the aggregate, are valuing broad categories of property close to true market value. The designation does not alter valuation methodology. Identical property is valued the same way whether it is used for industrial, commercial, or other purposes. Because the classification has no effect on taxable value, it is not—and was never intended to be—a protestable action under Chapter 41.

That conclusion is reinforced by the structure of Chapter 23 itself. Subchapter A establishes market value under the willing-buyer/willing-seller standard as the default method for determining a property's "appraised value." When the Legislature intends to depart from that standard, it does so expressly in Subchapter B—by defining "appraised value" and prescribing alternative valuation methodologies for specific categories of property, including inventory, agricultural land, and homesteads. Tex. Tax Code §§ 23.12, 23.41, 23.23. "Industrial" property is conspicuously absent from that list.

Because "industrial" is not one of the property types addressed in Subchapter B, property used for industrial purposes is valued under Subchapter A unless the property independently qualifies for a different, expressly defined category subject to alternative appraisal methods. And in that circumstance, any dispute over whether the property was properly categorized—and therefore properly valued—would be raised as a valuation protest under § 41.41(a)(1), which authorizes challenges to "appraised value," not merely market value. That provision encompasses valuation disputes under both Subchapter A and Subchapter B. What it does not do is convert an undefined, value-neutral administrative label into a jurisdictional exclusion from SOAH review under the Government Code.

More fundamentally, neither the Tax Code nor Government Code § 2003.904 defines the term "industrial," and nothing in either statute suggests the Legislature intended administrative audit classifications to be determinative of SOAH's jurisdiction. Nevertheless, the district court treated the appraisal district's use of the word "industrial" for audit purposes as if it necessarily satisfied the Legislature's jurisdictional exclusion—without examining whether the two were intended to align. That assumption finds no support in the statutory text.

In the absence of a statutory definition, the question whether property is "industrial" is a familiar one for courts. It is resolved by applying the term's ordinary meaning to the evidence presented. That is a judicial determination, not an

administrative label, and it cannot be presumed rather than resolved. Both alternatives suggested by the opinion still require some tribunal to decide the same jurisdictional predicate: whether the property qualifies as industrial property for purposes of § 2003.904.

The opinion does not identify a tribunal authorized to make that determination. It suggests that a taxpayer must protest the label to an appraisal review board and if unsuccessful, appeal to district court before learning whether it is eligible for the SOAH appeal the Legislature created. The statutory scheme contains no requirement that a taxpayer first litigate classification in district court, and courts may not impose exhaustion requirements the Legislature did not enact.

## IV.    Rehearing Is Required to Complete the Statutory Analysis

Nothing in the statute suggests the Legislature intended appraisal districts to defeat access to SOAH by invoking a label no one is permitted to test, or that courts of general jurisdiction should stand aside when the threshold question controlling access to a legislatively created remedy goes unanswered.

Rehearing is warranted because the Court's opinion stops the analysis too soon. It identifies the limits of administrative authority but does not complete the inquiry required once those limits are reached. At minimum, this case should be remanded to the district court to fulfill its duty under *Miranda* and *Bland*: to consider

6

the evidence and resolve whether the property is "industrial" within the meaning of § 2003.904.

In the alternative, and in the interest of judicial economy given the uncontroverted state of the record, this Court may render judgment on the jurisdictional fact. EMGS presented sworn affidavit evidence that the property—computers located in a downtown office tower—is not industrial, and HCAD offered no evidence to the contrary. Because the jurisdictional predicate can be resolved as a matter of law on this record, this Court should hold that the property is not industrial for purposes of § 2003.904.

Only then can the statute function as the Legislature designed—with jurisdictional boundaries determined by evidence and reason, not by unchallenged administrative notation.

## CONCLUSION AND PRAYER

The Court's opinion identifies the limits of administrative authority but does not complete the analysis required once those limits are reached. When the jurisdictional predicate on which a statutory remedy depends is genuinely disputed, Texas law requires that predicate to be resolved by a tribunal authorized to determine jurisdiction. Leaving it undecided causes the Legislature's remedy to fail by default.

Rehearing is warranted to clarify how the statutory exclusion in Texas Government Code § 2003.904 is to be applied when its triggering condition is

disputed. As explained above, that clarification leads either to a remand directing the district court to resolve the jurisdictional fact, or—given the uncontroverted record—to resolution of that fact as a matter of law.

For these reasons, EMGS respectfully requests that this Court grant rehearing, withdraw its opinion of December 5, 2025, and either: (1) Remand this cause to the district court with instructions to resolve the disputed jurisdictional fact of whether the property is "industrial" under Texas Government Code § 2003.904; or (2) In the alternative, render judgment that the property is not industrial property under § 2003.904 and reverse the district court's dismissal. EMGS prays for such other and further relief to which it may be justly entitled.

**Dated: December 22, 2025.** Respectfully submitted,

_____
John Brusniak

State Bar No. 03261500
Brusniak Turner PC
P.O. Box 703238
Dallas, Texas 75370
Tel.: (214) 506-1073
Fax: (214) 593-5234
John@TexasPropertyTaxAttorneys.com

**Attorney for Appellant,**
_Exxon Mobil Global Services_

9

**CERTIFICATE OF COMPLIANCE**

As required by Texas Rule of Appellate Procedure 9.4(i)(3), I certify that this brief was produced on a computer using Microsoft Word and contains 1,919 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

_____
John Brusniak


**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of Appellant's Motion for Rehearing has been electronically served upon the following attorneys of record in compliance with the Texas Rules of Civil Procedure 21 and 21a and Texas Rule of Appellate Procedure 9.5(b)(1) on December 22, 2025.

Karen L. Watkins
Karen.Watkins@oag.texas.gov
Rosalind L. Hunt
Rosalind.Hunt@oag.texas.gov
OFFICE OF THE ATTORNEY GENERAL
Administrative Law Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
*Attorneys for Appellees*

Caroline Tom
ctom@olsonllp.com
Olson & Olson, LLP
Wortham Tower, Suite 600
2727 Allen Parkway
Houston, Texas 77019
*Attorney for Real Party in Interest*

_____
John Brusniak

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Lauren Brusniak on behalf of John Brusniak
Bar No. 3261500
Lauren@TexasPropertyTaxAttorneys.com
Envelope ID: 109388392
Filing Code Description: Motion for Rehearing
Filing Description: Appellant's Motion for Rehearing
Status as of 12/23/2025 7:18 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rosalind Hunt | | rosalind.hunt@oag.texas.gov | 12/22/2025 5:20:06 PM | SENT |
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 12/22/2025 5:20:06 PM | SENT |
| Karen Watkins | | karen.watkins@oag.texas.gov | 12/22/2025 5:20:06 PM | SENT |
| Jennifer Foster | | Jennifer.Foster@oag.texas.gov | 12/22/2025 5:20:06 PM | SENT |
| John Brusniak | | john@texaspropertytaxattorneys.com | 12/22/2025 5:20:06 PM | SENT |
| Tracy Turner | | tracy@texaspropertytaxattorneys.com | 12/22/2025 5:20:06 PM | SENT |
| Lauren Brusniak | | lauren@texaspropertytaxattorneys.com | 12/22/2025 5:20:06 PM | SENT |
| Kendal Carnley | | kendal@texaspropertytaxattorneys.com | 12/22/2025 5:20:06 PM | SENT |
| Caroline Tom | | ctom@olsonllp.com | 12/22/2025 5:20:06 PM | SENT |